IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER VALDEZ,

        Plaintiff,

vs.                                                    CIV 14-0014 MCA/KBM

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

# MEMORANDUM OPINION AND ORDER
# ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT
# AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Proposed Findings of Fact and Recommended Disposition by Chief Magistrate Judge Karen B. Molzen (*Doc. 22*) filed on February 22, 2015 (PF&RD), and the Defendant Commissioner Carolyn W. Colvin's Objections to the Report and Recommendation (*Doc. 23*) filed on March 3, 2015. The Court, having conducted a *de novo* review, overrules the Commissioner's objections and adopts the recommendation of the Magistrate Judge to remand this case.

**I.    Standard of Review**

When resolving objections to a Magistrate Judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a *de novo* review of a party's timely, specific objections to the magistrate's report. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000).

## II.     Background[1]

Plaintiff's application for Social Security benefits was denied at both the initial and reconsideration levels, and Plaintiff requested a hearing before an administrative law judge (ALJ). ALJ Ann Farris conducted a hearing and determined that Plaintiff was not disabled. The Appeals Council remanded the decision and instructed ALJ Farris to "[o]btain additional evidence concerning the claimant's lumbar spine impairment." Administrative Record (AR) at 82. ALJ Farris collected additional medical records and conducted a second hearing.  In her second decision, ALJ Farris determined that Plaintiff had the residual functional capacity (RFC) "to perform sedentary work as defined in 20 CFR 404.1567(a) except that claimant is prohibited from kneeling, crouching, or crawling and must avoid extremes of heat and cold,"[2]  and she found, once again, that Plaintiff was not disabled. Plaintiff appealed that decision to this Court.

In her PF&RD, the Chief Magistrate Judge found that ALJ Farris failed to properly develop the record and failed to conduct a function-by-function assessment of Plaintiff's

---

[1] In the PF&RD, the Magistrate Judge presents a more detailed description of the facts and procedural posture (Doc. 22 at 1-2). Only those portions relevant to the Commissioner's objections are described here.

[2] Postural limitations such as kneeling, crouching, or crawling "would not usually erode the occupational base (the approximate number of occupations an individual has the RFC to perform) for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." See SSR 96-9P 1996 WL 374185, *3, *7.

**2**

work-related capabilities. The Commissioner objects asserting that the Magistrate Judge did not accurately reflect the ALJ's findings and that her ruling is inconsistent with Tenth Circuit case law.

### III. Discussion

#### A. Duty to Develop the Record

An ALJ is obligated to develop the record by obtaining pertinent, available medical records which come to her attention during the course of the hearing. *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996) (citing 20 C.F.R. § 404.944) (other citation omitted); *see also* 20 C.F.R. § 404.1513(c). "When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, ***and*** no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8P, 1996 WL 374184, *1 (emphasis added). ALJ Farris correctly noted that the medical records do not include information with regard to functional limitations or restrictions attributable to Plaintiff's lumbar spine impairment (AR 15, 18). However, Plaintiff complained that his back impairment limited his ability to perform work-related activities, including his ability to sit and stand.[3] AR 51-52, 452. Given these allegations, the ALJ had a duty to ensure there was sufficient information in the record to determine

---

[3] SSR 96-9P provides in pertinent part:

> The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday.
>
> In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals.

SSR 96-9P, 1996 WL 374185, at *6.

whether Plaintiff's lumbar spine impairment caused any limitations of his work-related activities.

The Appeals Counsel instructed ALJ Farris to obtain additional evidence and, if warranted, a consultative evaluation, specifically with regard to claimant's lumbar spine impairment pursuant to her obligations under the regulations. AR 82. ALJ Farris acquired additional medical records dated between 2010 and 2011, and a 2012 medical source statement from Ms. Etherton, a certified nurse practitioner. AR 24 and 79. However, these additional records were not sufficient to allow a complete assessment of Plaintiff's work-related limitations.

The Commissioner argues that it appears the Magistrate Judge "determined that because the ALJ did not rely on [Ms. Etherton's] opinion, she failed to comply with the Appeals Council's remand order." *Doc. 23* at 5. That is not the case. The Magistrate Judge found that "the medical evidence is inconclusive with regard to Plaintiff's functional capabilities." *Doc. 22* at 5. This Court agrees with the Magistrate Judge's conclusion.

Plaintiff's medical records from 2010 and 2011 establish a history of lumbar back pain due to a herniated disk which resulted in spinal epidural steroid injections and the recommendation that he undergo surgery. AR 441, 443, 447, 453, 450-51, 461, 469, 472. Although a May 2011 doctor's note indicates improvement (AR 467), none of the medical records specify what impact his lumbar spine impairment has on his ability to perform work-related functions.

In her letter, Ms. Etherton discusses Plaintiff's gout symptoms, and her opinions appear to be based solely on the severity of those symptoms. AR 480. Ms. Etherton

does not offer any opinions with regard to Plaintiff's lumbar spine issues. *Id.* Thus, Ms. Etherton's opinions do not assist in an assessment of the impact Plaintiff's back issues have on his ability to work.

ALJ Farris discounted Ms. Etherton's opinions and afforded great weight to Dr. Sylvia Ramos' report. However, Dr. Ramos' opinions were formulated in 2008, prior to the development of Plaintiff's lumbar spine issues in 2010 and 2011. Consequently, Dr. Ramos did not draw conclusions with regard to the effects of Plaintiff's lumbar spine impairment on his functional capabilities.

As neither the additional medical records nor the medical source statement provided information of the impact of Plaintiff's lumbar spine condition on his ability to perform work-related activities, ALJ Farris did not have sufficient information to determine the impact of this impairment on Plaintiff's ability to work.

### B.   Function-by-Function Assessment

Citing *Hendron v. Colvin*, 767 F.3d 951 (10th Cir. 2014), the Commissioner argues that it was unnecessary for the ALJ to separately discuss and make findings regarding the ability to sit, stand, walk, lift, carry, push, or pull. In *Hendron,* The ALJ determined that Ms. Hendron had the RFC "'to perform the full range of sedentary work as defined in 20 C.F.R. [§] 404.1567(a).'" *Hendron*, 767 F.3d at 953 (quoting the administrative record). He had considered that prolonged sitting aggravated Ms. Hendron's lower back pain, but observed that it was pain she experienced either before or after the relevant time period. *Id.* at 957. The Tenth Circuit held a function-by-function assessment was not critical to the outcome of the case because the evidence did not support a limitation on Ms. Hendron's ability to sit ***during*** the relevant time period. *Id.*

(explaining that "the ALJ did not overlook Ms. Hendron's problems with sitting; he found that the evidence did not support any limitation on her ability to sit during the Relevant Time Period.").

The *Hendron* case is distinguishable in that the function-by-function assessment was not critical in that case. The relevant time period in *Hendron* was two months, which included a time when the claimant reported she was pain free. *Id.* at 994-95. Here, the relevant time period is over four years. Plaintiff's alleged on set date is February 25, 2008, and he is insured for disability benefits through December 31, 2012.[4] Medical records indicate that Plaintiff developed a herniated disk which interfered with his work-related activities during the relevant time period. AR 51-52, 441, 443, 447, 450-51, 452, 453, 469, 472.

At Step Two of the familiar five-step sequential evaluation process,[5] ALJ Farris determined that Plaintiff had severe impairments, including "degenerative disk disease of the lumbar spine." AR 14. She concluded at Step Four, however, that "there is no medical evidence of a disabling back condition." AR 17. Once an adjudicator determines

---

[4] As noted by the Magistrate Judge, there is a discrepancy with regard to the date through which Plaintiff meets the insured status requirements. *See Doc. 22* at 2 n2. For argument's sake, the Court will use the earlier date of December 31, 2012.

[5] Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520. Step One requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step Two requires that the claimant establish that she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities. 20 C.F.R. § 404.1520(C). If the claimant is engaged in substantial gainful activity (Step One) or if the claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, the claimant's impairment is compared with certain impairments listed in 20 D.F.R. Pt. 404, Subpt. P, App. 1 ("Listings"). A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If the claimant does not meet a listing, the evaluation proceeds to Step Four, where the claimant must establish that she does not retain the residual functional capacity ("RFC") to perform her past relevant work. If the claimant's Step-Four burden is met, the burden shifts to the Commissioner to establish at Step Five that work exists in significant numbers in the national economy which the claimant, taking into account her age, education, work experience, and RFC, can perform. *Dikeman v. Halter*, 245 F.3d 1182, 1183 (10th Cir. 2001). Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. 20 C.F.R. § 404.1520.

an impairment is severe at Step Two, the following steps are used to determine whether the impairment is disabling by examining whether the impairment has an impact on work-related activities. *Barrett v. Astrue*, 340 F. App'x 481, 484 (10th Cir. 2009) (quoting *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007)) ("After finding [a] severe impairment[ ], the ALJ still had the task of determining the extent to which [claimant's] impairments . . . restricted [his] ability to work.").

At Step Four, the ALJ must determine a claimant's RFC. As the Magistrate Judge points out:

> An "RFC determines a work capability that is exertionally sufficient to allow performance of at least substantially all of the activities of work at a particular level." SSR 83-10, 1983 WL 31251 at *2. It is a reflection of "the maximum amount of each work-related activity the individual can perform," and the ALJ must describe the "individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, *7.

*Doc. 22* at 6. A function-by-function assessment is the description of an "individual's ability to perform sustained work related activities in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *7. This assessment is important because an "adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have." SR 96-8p, 1996 WL 374184, at *4.

A function-by-function assessment was critical in this case because evidence in the record indicates that Plaintiff's lumbar spine impairment impacted his work-related abilities during the relevant time period and ALJ Farris was required to determine the

7

extent that the impairment affected Plaintiff's ability to perform sedentary work.[6]  The information in the record was not sufficient to allow for such an assessment. Therefore, the Commissioner's objections are overruled and the Court adopts the Magistrate Judge's recommendations and remands this case for further proceedings.

_____
UNITED STATES CHIEF DISTRICT COURT JUDGE

---

[6] 20 C.F.R. § 404.1567 provides:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

. 20 C.F.R. § 404.1567(a).