IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAVIER VALDEZ,

        Plaintiff,

vs.                                                CIV 14-0014 MCA/KBM

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

        Defendant.

## PROPOSED FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") *(Doc. 26),* fully briefed on August 24, 2015 (*Doc. 29*). The Honorable Chief Judge M. Christina Armijo referred this case to me to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the presiding judge an ultimate disposition of the case. *Doc. 8.* Having carefully reviewed the submissions of the parties, the Court disagrees with the Acting Commissioner that her position in this case was substantially justified and will recommend that Plaintiff's motion be granted in the requested amount.

As Defendant notes, a party is entitled to fees pursuant to EAJA, "only if the government was not 'substantially justified' in its actions." *Doc. 27* at 1; *see* 28 U.S.C. § 2412(d)(1)(A). The Court is fully cognizant that in this context, "the Commissioner's position may be substantially justified even if it is not correct and even if a court found that the position was not supported by substantial evidence." *Id.* at 1-2 (citing *Pierce v.*

*Underwood*, 487 U.S. 552, 568-69 (1988).

In this case, the ALJ failed to properly develop the record and failed to perform a function-by-function assessment as required in determining the Plaintiff's residual functional capacity. The Acting Commissioner again repeats her argument that *Hendron v. Colvin*, 767 F.3d 951 (10th Cir. 2014), seems to permit an ALJ to instead "express Plaintiff's residual functional capacity in terms of an exertional category without including a separate discussion or findings regarding Plaintiff's ability to sit, stand, walk, carry, push or pull." Doc. 27 at 3. Defendant therefore argues that because the ALJ here expressed Plaintiff's in terms of an exertional category, her position was reasonable even though the Court ultimately distinguished the *Hendron* case. *See Doc. 24* at 6 ("The *Hendron* case is distinguishable in that the function-by-function assessment was not critical in that case.).

This argument, however, misses the point, however, where the ALJ also clearly failed to meet her obligation to develop the record on remand. ALJ Farris twice heard this case, and the November 30, 2010 remand order by the Appeals Council specifically advised the ALJ that in developing the record as to Plaintiff's lumbar spine impairment, she should consider "a consultative orthopedic examination and medical source statements about what claimant can still do despite the impairment." The ALJ did not take that course of action, however. Instead, she improperly relied on a medical opinion formed <u>*before*</u> manifestation of the impairment. As this Court found, the ALJ erred in failing to order a consultative exam under 20 C.F.R. § 404.1513(c) and SSR 96-8p given that the medical evidence was inconclusive as to Plaintiff's functional capabilities.

Wherefore,

IT IS HEREBY RECOMMENDED that the presiding judge find that the Acting Commissioner's position was not substantially justified and award attorney fees to Plaintiff under EAJA in the requested amount of $7,360.20.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE